THE PEOPLE *ex relat.* QUACKENBOSS *against* BURTCH.

An indictment for a forcible entry and detainer before two justices, having been removed by *certiorari* to this court, the defendants were served with a notice of a rule to *assign errors* in twenty days, and no assignment being made, a judgment by default was entered ; and the defendants afterwards filed their plea. It was held, that the rule to assign errors was a *nullity*, and the judgment and all subsequent proceedings were set aside for irregularity.

The *landlord* may be let in to defend, in an action for a forcible entry and detainer, as well as in ejectment.

AN indictment for a forcible entry and detainer was found against the defendant before two justices of the peace in Washington county.   The defendant traversed the indictment by pleading not guilty,(a) and possession for three years.   Before the trial, the proceedings were removed into this court, by *certiorari*.

In June last, a notice was served on the defendants *to assign errors* in *twenty* days, or judgment.   No errors having been assigned, a judgment by default was entered against the defendant in July term last.   Afterwards the defendant filed a plea of not guilty, and possession for three years. The defendant did not assign errors, because the notice was not to *plead*, as well as to assign errors.   The defen-
[*401]   dant states, that John Fort was landlord *of the ten-

(a) The traverse to an indictment for a forcible entry and detainer need not be in writing before a justice of the peace.   There is nothing in the statute requiring it to be in writing ; and though Hawkins says, (b. 1, c. 64, s. 58,) that it must be done in writing, and not by a bare denial of the force by parol, yet none of his authorities support the position, and it is against all the rules of pleading in criminal cases.   (*The People* v. *Anthony*, 4 Johns. R. 198.)

The People v. Burtch.

ant in possession of the premises; and that the defendant had a good defence on the meri's.

*Woodworth,* for the plaintiff, now moved to set aside the default, and all subsequent proceedings, including the writ of restitution.

*Van Vechten,* contra, read affidavits, stating that by articles of agreement between the defendant and Peter Fort, dated the 25th August, 1801, they acknowledged the prosecutor as owner of the land, and thereby surrendered the possession to Quackenboss, as the agent of the prosecutor, and acknowledged themselves tenants to hold for three months, and agreed to pay ten dollars rent. That the defendant had confessed the same, and disavowed any contract or privity with John Fort, who had declared his intention to relinquish all claim to the land.

*Per Curiam.* The rule to *assign errors* was a *nullity.* The record itself was removed by the *certiorari,* which presented an issue to be tried. If the defendant was to plead *de novo,* as it is said he is entitled to do, (and as was, in fact, done here,) the prosecutor ought to have called on the defendant to plead, or abide by his former pleas ; or if he was not so entitled, the prosecutor ought to have considered the cause at issue, and proceeded to trial. The proceedings of the prosecutor were therefore clearly irregular.

On the merits also, we are of opinion the proceedings ought to be set aside. Here is *color* for the suggestion that the defendant was tenant to John Fort ; at least the fact is litigated, and ought to be otherwise determined. This is an application to the equitable discretion of the court ; and those who stand behind the tenant may here, as in *ejectment* at common law, and independent of the statute, be received to defend the right. John Fort, claiming the premises as landlord of the defendant, and *the latter dis- [*402] claiming his title and attorning to another, are facts which may be tried in the present action, and ought to arrest any collusive proceedings between the prosecutor and the defendant. It is unnecessary here to say in what form the landlord may be admitted to defend; but his right to

make a defence, we think, is undoubted.　It is therefore ordered, that the default, judgment, and all proceedings thereon, be set aside, and if a writ of restitution has been executed, that re-restitution be awarded.　The motion must be granted.

Motion granted.(*b*)

(*b*) See 3 Chitt. Crim. Law, ed. 1832, p. 1135, *et seq.*　Bouv. Law Dic. h. t.　Com. Dig. h. t.　Bac. Ab. h. t.　Poth. Proc. Civ. p. 2, c. 3, a. 3.　Domat Supp. au Dr. Pub. l. 3, t. 4, s. 3.　1 Russell on Crimes, 304, *et seq.*　Steph. Crim. Law, 83.　2 Hale's P. C., Phila. ed. 1847, 171, *et seq.* 213 ; vol. 1, 445.